NATHAN A. RESNIK ET AL., EXECUTORS (ESTATE OF RUDOLPH WOLF) v. WOLF'S NEW PROCESS ABRASIVE WHEEL, INC.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 72186

Memorandum filed January 27, 1950.

Louis *Weinstein*, of New Haven, for the Plaintiffs.

*Denis T. O'Brien, Jr.*, of Meriden, for the Defendant.

TROLAND, J. Prior to December 13, 1924, Rudolph Wolf, with a number of other persons, formed the defendant corporation, the principal business of which was the manufacture and sale of an abrasive wheel which was manufactured by a secret process invented by said Rudolph Wolf and said Rudolph Wolf controlled the operation and policy of said corporation and was the managing head. The secret process had been imparted by Rudolph Wolf to trusted employees of the corporation to enable it to manufacture said abrasive wheels, and the secret process was then owned by the corporation.

On December 13, 1924, said Rudolph Wolf, desiring to turn the management of the corporation over to his son Carl Wolf, entered into a written agreement with the corporation, under which he agreed to retire as president and that he would not at any time in the future directly or indirectly be engaged, employed or interested, either in the United States or any foreign country, in any business or occupation of the same nature as that theretofore exercised and carried on by said Rudolph Wolf in the Wolf's New Process Abrasive Wheel, Inc. The corporation agreed in consideration of the promises of Wolf to pay to him the sum of $100 per week during the existence of the corporation.

Rudolph Wolf turned over the 1666 shares of stock in the defendant corporation then owned by him to his son. The defendant corporation accepted the terms of the agreement and paid Rudolph Wolf $100 per week from December 13, 1924, to November 12, 1948, when said Rudolph Wolf died.

The agreement contained a provision reading as follows: "It is hereby further mutually covenanted and agreed that all the covenants, stipulations, promises, agreements, and provisions in this instrument contained, shall apply to, bind, and be obligatory upon the heirs, executors, administrators, personal representatives, successors, or assigns of the said several parties hereto, or either of them, whether so expressed or not."

The plaintiffs, executors of Rudolph Wolf, in this action are demanding that the defendant continue to make said weekly payments of $100 each to the estate of said Rudolph Wolf, which payments the defendant corporation has declined and refused to make.

The principal ground of attack against the complaint made by the defendant on demurrer is that the contract is an agreement in restraint of trade and was inequitable, oppressive and contrary to public policy so as to be unenforceable in a court of equity.

The plaintiffs recognize and concede that the restraint imposed by the contract on the activities of Rudolph Wolf were not only nationwide but worldwide but they claim that because the restraint imposed thereby was for the protection of a secret process invented by Rudolph Wolf and imparted by him to the company for its use, the extensive protection provided by the agreement was reasonable and necessary.

The test of the reasonableness of this contract is met by answering the question: "Does it afford a fair protection to the interests of Wolf's New Process Abrasive Wheel, Inc. in whose favor it was made?" This is the rule laid down in *Styles* v. *Lyon*, 87 Conn. 23, 28.

For the purpose of meeting objections made in earlier demurrers to the original complaint challenging the legality of the restraint of trade because it was unlimited both as to time and space, the plaintiffs in their amended substituted complaint have alleged that at the time of the agreement the defendant was selling said abrasive wheels "in most of the states of the United States and also in foreign countries" and further that it was then the understanding and intention of the parties thereto "to attempt to sell abrasive wheels all over the world." Neither of these statements appear in the written agreement itself however.

The plaintiffs urge that the law applicable to an agreement in restraint of trade where a business involves a secret process is set forth in *Larx Co.* v. *Nicol*, 224 Minn. 1, 11, and they urge its recognition as the law of this state and admittedly have drawn the amendment to their substituted complaint in an effort to so broaden the field of operation of defendant's business at the date of the contract as to bring the contract within the protection of the rule laid down in *Larx Co.* v. *Nicol*, supra.

Giving due consideration to the allegations of the complaint that at the time the agreement was executed the defendant was selling the abrasive wheels "in most of the states of the United States and also in foreign countries" and further that it was the understanding and intention of the parties "to attempt to sell said abrasive wheels all over the world," it nevertheless appears to the court that the agreement providing for the restraint on Mr. Wolf unlimited as to time or space is clearly unreasonable and contrary to our law. Bearing in mind the field of operation of the business, the total restraint upon trade, made in the agreement, is against public policy, was greater than necessary for the protection of the business of the defendant and was unreasonable. *Styles* v. *Lyon,* 87 Conn. 23, 26; *Beit* v. *Beit,* 138 Conn. 195, 202; *Larx Co.* v. *Nicol,* supra.

The demurrer to the amended first count of plaintiff's substituted complaint is therefore sustained on the first, second, third, and fifth grounds therein set forth.